# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| CEDRIC GREENE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:25-cv-01188-JAR |
| ) | |
| SALVATION ARMY BELL SHELTER, ) | |
| ) | |
| Defendant. ) | |

## Memorandum and Order

Cedric Greene sues the Salvation Army Bell Shelter for the alleged theft of his Continuous Positive Airway Pressure machine. He also moves to proceed *in forma pauperis*. Due to his abusive litigation history, the Court denies the motion.

**I.  Background**

Since March 5, 2025, Greene has filed more than 30 cases pro se and *in forma pauperis* in this Court. *See In re: Cedric Greene*, No. 4:25-mc-00784-SRC (E.D. Mo. July 17, 2025), doc. 1 at 1 (listing cases). The judges of this Court have dismissed these cases preservice for reasons including improper venue, want of jurisdiction, and a finding of maliciousness. *See id.* at 2. On August 13, 2025, the Court, acting en banc, issued an order requiring Greene to obtain leave of Court before initiating any new action in this District. *See In re: Cedric Greene,* No. 4:25-mc-00784-SRC, doc. 3 at 2–3. Although this action predates the en banc order, the litigation history detailed in that order remains relevant to the Court's analysis.

Greene has a similar litigation history in other federal courts. In 2016, the Supreme Court of the United States found that Greene had "repeatedly abused" its process and directed its Clerk to refuse to accept future *in forma pauperis* petitions from him in noncriminal matters. *See In re*

*Greene*, 578 U.S. 974 (2016). In 2024, the United States Court of Federal Claims estimated that Greene had filed more than 300 cases in federal courts throughout the country and concluded that his abuse of the judicial system precluded him from proceeding *in forma pauperis* in that court. *Greene v. U.S.*, 169 Fed. Cl. 334, 339 (2024).

In *Greene v. Sprint Nextel Corp.*, the United States Court of Appeals for the Tenth Circuit noted filing restrictions imposed on Greene in the Ninth and Tenth Circuit courts, as well as federal district courts in Kansas, Utah, California, and Nevada. 750 F. App'x 661, 666 & n.3 (10th Cir. 2018). The United States District Court for the Central District of California has deemed Greene a vexatious litigant. *See Greene v. Men's Central Jail, et al.*, Case No. 2:11-cv-02359-UA-SS, doc. 15 (C.D. Cal. May 10, 2011). This Court takes judicial notice of the foregoing records. *See Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (noting that courts may take judicial notice of judicial opinions).

In this case, Greene provides a California address for himself and states that the Shelter is located in Bell, California. (ECF No. 1 at 2). He further alleges that the Shelter failed to return his CPAP machine. *Id*. at 5. He seeks monetary damages. *Id*. at 6.

**II.     Discussion**

Under 28 U.S.C. § 1915(a)(1) the Court "may" allow a plaintiff to commence a lawsuit "without prepayment of fees or security therefor" if the person submits certain financial information. "[T]he decision whether to grant or deny *in forma pauperis* status is within the sound discretion of the trial court." *Cross v. Gen. Motors Corp.*, 721 F.2d 1152, 1157 (8th Cir. 1983) (emphasis added). "An *in forma pauperis* litigant's access to the courts is a matter of privilege, not of right, and should not be used to abuse the process of the courts." *Williams v. McKenzie*, 834 F.2d 152, 154 (8th Cir. 1987) (emphasis added). "To discourage the filing of baseless litigation

and conserve judicial resources, this Court has a duty to deny *in forma pauperis* status to those who have abused the judicial system." *Greene v. Housing Auth. of the City of Los Angeles*, No. 4:25-CV-00683 HEA, 2025 WL 1392575 (E.D. Mo. May 13, 2025) (emphasis added) (first citing *In re Sindram*, 498 U.S. 177, 180 (1991); and then citing *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)).

Based on Greene's repeated abuse of the judicial system, the Court denies his motion to proceed *in forma pauperis*. If Greene wishes to pursue this action, he must pay the $405 filing fee within thirty days of the date of this order.

Accordingly,

**IT IS HEREBY ORDERED** that Greene's motion to proceed *in forma pauperis* (ECF No. 2) is **DENIED**.

**IT IS FURTHER ORDERED** that Greene must pay the $405 filing fee in full **within thirty (30) days** of the date of this order. Failure to do so will result in the dismissal of this action without prejudice and without further notice.

Dated this 25th day of November, 2025.

　　　　　　　　　　　　　　　　　　　　
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE